**Ladislau Ribeiro CARVALHO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76861.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

Allan A. Samson, Esq., San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Joanne E. Johnson, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM **

Ladislau Ribeiro Carvalho, a native and citizen of Brazil, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture. He contends that he established a well-founded fear of persecution and a clear probability of persecution in Brazil on account of his and his

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

father's membership in a particular social group of owners of property in an area subject to squatting. We have jurisdiction under 8 U.S.C. § 1252, and we review for substantial evidence. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1181 n. 4 (9th Cir. 2003). We deny the petition for review.

Petitioner testified that members of the MST, or Movement of the Landless, a land rights organization, had threatened to take over a farm recently purchased by his father and that he would have to defend the farm by force of arms if he returned to Brazil. His father twice complained to the police, but they did nothing. Petitioner testified that nearby farms actually had been taken over. He also testified and presented documentary evidence that police were attempting to evict squatters from the area of the farm.

Substantial evidence supports the immigration judge's conclusion that petitioner did not establish a well-founded fear of persecution on account of a protected ground. Property owners in the area of petitioner's father's farm do not share any innate characteristic fundamental to their identities or consciences and therefore do not constitute a particular social group within the meaning of 8 U.S.C. § 1101(a)(42)(A). *See Ochoa v. Gonzales*, 406 F.3d 1166, 1170 (9th Cir.2005). In addition, the immigration judge did not err in finding that the government of Brazil was unable or unwilling to control the squatters. *Cf. Mashiri v. Ashcroft*, 383 F.3d 1112, 1121–22 (9th Cir.2004). We therefore deny the petition for review.

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.